**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____   Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Superior Air Charter, LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | JS Air<br>Jetsuite Air<br>Jetsuite |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 46 – 4533051 |
| 4. | **Debtor's address** | **Principal place of business**<br>1341  W. Mockingbird Lane<br>Number   Street<br>Suite 600E<br>Dallas      TX    75247<br>City       State    ZIP Code<br><br>Dallas<br>County | **Mailing address, if different from principal place of business**<br>_____<br>Number   Street<br>_____<br>P.O. Box<br>_____<br>City       State    ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>_____<br>Number   Street<br>_____<br>_____<br>City       State    ZIP Code |
| 5. | **Debtor's website** (URL) | http://www.jetsuite.com |
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Superior Air Charter, LLC**  Case number (*if known*)_____
      <sub>Name</sub>

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
❑ Railroad (as defined in 11 U.S.C. § 101(44))
❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   4   8   1   2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7
❑ Chapter 9
☑ Chapter 11. *Check all that apply*:

    ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ❑ A plan is being filed with this petition.

    ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
❑ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY
          District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No
❑ Yes.  Debtor _____  Relationship _____
          District _____  When _____
                                                                       MM / DD / YYYY
          Case number, if known _____

Debtor    **Superior Air Charter, LLC**                    Case number (*if known*)_____
          <sub>Name</sub>

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>                           Number       Street<br>_____<br>_____<br>City                                      State       ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99           ☐ 5,001-10,000       ☐ 50,001-100,000<br>☐ 100-199         ☐ 10,001-25,000      ☐ More than 100,000<br>☑ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000              ☑ $1,000,001-$10 million     ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000         ☐ $10,000,001-$50 million    ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000        ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million      ☐ $100,000,001-$500 million  ☐ More than $50 billion |

Debtor    Superior Air Charter, LLC_____    Case number (*if known*)_____
       Name

| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☑ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/28/2020
            MM / DD / YYYY

✘ /s/ Edward T. Gavin_____    Edward T. Gavin, CTP_____
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer_____

**18. Signature of attorney**

✘ /s/ Evan T. Miller_____    Date  04/28/2020
Signature of attorney for debtor         MM / DD / YYYY

Evan T. Miller_____
Printed name
Bayard P.A._____
Firm name
600          N. King Street, Suite 400_____
Number    Street
Wilmington_____    DE    19801_____
City    State    ZIP Code

302.655.5000_____    emiller@bayardlaw.com_____
Contact phone    Email address

5364_____ - DE_____
Bar number    State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **4**

### CONSENT OF THE SOLE MEMBER OF
### SUPERIOR AIR CHARTER, LLC
APRIL 28, 2020

The undersigned, being the sole member of Superior Air Charter, LLC (the "Member"), a Delaware limited liability company (the "Company"), acting pursuant to Section 18-302(d) of the Delaware Limited Liability Company Act, hereby adopts the following resolutions by written consent:

**WHEREAS**, in light of the Company's financial condition, the Company was directed to formally engage certain professionals to advise the Company on the restructuring of the Company, including seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), if advisable; and

**WHEREAS**, the Company was previously directed to conduct a process to locate financing or other sources of additional liquidity; and

**WHEREAS**, the Company has reviewed the materials presented by its financial and other advisors, and the Member has engaged in numerous and extensive discussions (including, without limitation, with management and professional advisors) regarding the Company's financial condition, including its liabilities and liquidity position, strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations; and

**WHEREAS**, having considered the advice of financial and other advisors, the Company and the Member has determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

**NOW, THEREFORE, BE IT**

**RESOLVED,** that the Chief Restructuring Officer (the "Authorized Officer") on behalf of the Company be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time or in such other jurisdiction as the Authorized Officer executing the petition shall determine; and it is further

**RESOLVED**, that the law firm of Bayard P.A. be, and hereby is, employed as attorneys for the Company under a general retainer in any such chapter 11 case, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that Stretto be, and hereby is, employed as claims and noticing agency and administrative agent for the Company under a general retainer in any such chapter 11 case, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that in connection with the commencement of any chapter 11 case, the Company hereby (i) approves that certain First Lien Secured Superpriority Debtor-in-Possession

Credit Facility (the "DIP Facility") by and among JetSuiteX, Inc. as administrative agent, the Company, and the lenders from time to time party thereto, providing for a credit facility of up to $3.6 million on the closing date of the financing referenced in this paragraph, which will be secured by substantially all of the assets of the Company, (ii) consents to the execution, delivery and performance thereof by the Company, and (iii) consents to the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the DIP Facility; provided that any material amendments, extensions, supplements or modifications of the DIP Facility are subject to review and consent by the Board of Managers, in consultation with the Independent Manager; and it is further

**RESOLVED**, that Authorized Officer is authorized and directed in the name of and on behalf of the Company to (i) enter into negotiations with any interested parties regarding a purchase of any or all of the assets (of any kind) of any or all of the company, whether pursuant to a plan or otherwise (such sale, a "Sale"), (ii) execute and deliver an agreement providing for such Sale (the "Sale Agreement") in connection with the Sale, (iii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for the transaction contemplated thereby, (iv) if the Authorized Officer deems it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to sell such assets in a Sale, (v) to organize and manage a sale process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, as well as negotiate and entering into an agreement with such stalking horse bidder, and (vi) enter into such additional agreements, consents, certificates, amendments, and instructions as may be necessary to obtain approval for and effect the transaction contemplated thereby; provided that the foregoing shall be subject to review and consent by the Board of Managers, in consultation with the Independent Manager; in connection with the Sale or potential Sale of all or a material portion of the assets of the Company; and it is further

**RESOLVED**, that in connection with the chapter 11 case, the Authorized Officer, and such other officers of the Company shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to cause the Company to take such actions and execute such documents as are necessary to effectuate a Sale or Sales of the assets of the Company, in a manner determined by the Authorized Officer to represent the best interests of the Company and its creditors, provided that any Sale or potential Sale of all or a material portion of the assets of the Company shall be subject to review and consent by the Board of Managers, in consultation with the Independent Manager;; and it is further

**RESOLVED**, that the Authorized Officer be, and each hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; provided that the retention of professionals in connection with the Company's chapter 11 case shall be subject to review and consent by the Board of Managers, in consultation with the Independent Manager; and it is further

**RESOLVED**, that the Authorized Officer and such other officers of the Company as the Company shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of such officer shall be or become necessary, proper, and desirable, to effectuate the successful prosecution of the Company's chapter 11 case, with a view to the successful prosecution of such case; provided that each of the foregoing shall be subject to review and consent by the Board of Managers, in consultation with the Independent Manager, with respect to any act or transaction that does not fall within the ordinary course of business of the Company; and it is further

**RESOLVED**, that the Authorized Officer be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute such consents on behalf of the Company as the Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer of the company in the name of and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed, and approved.

*Signature Page Follows*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date set forth below each such undersigned's name.

          **JSI LLC,** as the Sole Member and the Member of the Company

By: /s/ Alex Wilcox
Name: Alex Wilcox
Title: CEO

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SUPERIOR AIR CHARTER, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-_____ (__) |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Fed. R. Bankr. P., the following is a list of corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests:

| Shareholder | Percentage of Equity Held |
|---|---|
| JSI LLC | 100% |

---

[1] The Debtor in this chapter 11 cases, together with the last four digits of the Debtor's federal tax identification number, is as follows: Superior Air Charter, LLC (2081). The mailing address for the Debtor, solely for purposes of notices and communications, is: 1341 W. Mockingbird Lane, Suite 600E, Dallas, Texas.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| In re | Chapter 11 |
|---|---|
| SUPERIOR AIR CHARTER, LLC,[1] | Case No. 20-_____ (__) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to 1007(a)(3) of the Fed. R. Bankr. P., the following is a list of entities holding an interest in the above-captioned debtor:

| Name | Mailing Address | Percentage of Equity Held |
|---|---|---|
| JSI LLC | 1341 W. Mockingbird Lane, Suite 600E, Dallas, Texas | 100% |

---

[1] The Debtor in this chapter 11 cases, together with the last four digits of the Debtor's federal tax identification number, is as follows: Superior Air Charter, LLC (2081). The mailing address for the Debtor, solely for purposes of notices and communications, is: 1341 W. Mockingbird Lane, Suite 600E, Dallas, Texas.

**Fill in this information to identify the case:**

Debtor name __Superior Air Charter, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__ (State)

Case number (If known): __20-XXXXX__

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **NETFLIX**  121 ALBRIGHT WAY  LOS GATOS, CA 95032 | P:  F:  ZLAWRENCE@NETFLIX.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $931,098.00 |
| 2 | **JET SUPPORT SERVICES INC.**  180 N STETSON, 29TH FLOOR  CHICAGO, IL 60601 | P:  F: | AC PBH / MAINTENANCE | | | | $657,597.00 |
| 3 | **MARY LEE LEWIS**  9500 S DADELAND BLVD.  MIAMI, FL 33156 | P:  F:  KEYSILVER@AOL.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $437,794.00 |
| 4 | **DOUG RHYMES**  78-6805 KUHINANUI PLACE  KAILUA-KONA, HI 96747 | P:  F:  DOUG206@MAC.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $430,451.00 |
| 5 | **JOHN TRAUB**  5850 LAUSANNE DRIVE  RENO, NV 89511 | P:  F:  JOHNT@NANOTECHP.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $375,374.00 |
| 6 | **JOSEPH C. NETTEMEYER**  555 E CALIFORNIA AVE  SUNNYVALE, CA 94086 | P:  F:  JNETTEMEYER@VALIN.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $358,064.00 |

Debtor  Superior Air Charter, LLC  
Name

Case number (if known) 20-XXXXX

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | **JOHN DANAHY** 18 SOUTH DRIVE WINCHESTER, NH 03070 | P: F: JFDANAHYSC@COMCAST.NET | SUITEKEY CUSTOMER | CONTINGENT | | | $349,017.00 |
| 8 | **JOEL SUGG** PO BOX 5069 SAN ANGELO, TX 76902 | P: F: SPSSJT@WCC.NET | SUITEKEY CUSTOMER | CONTINGENT | | | $332,060.00 |
| 9 | **SQN INVESTORS** 201 SHORES PARKWAY, SUITE 242 REDWOOD CITY, CA 94065 | P: 650-489-9100 F: AMISH@SQNINVESTORS.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $330,882.00 |
| 10 | **RICHARD THALHEIMER** 4895 PARADISE DR TIBURON, CA 94920 | P: F: PGAMBS@AOL.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $327,577.00 |
| 11 | **SHEILA CLANCY** 303 TAINTOR DR. BRIDGEPORT, CT 06890 | P: F: SHEILA@CLANCYCT.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $318,826.00 |
| 12 | **JEFF HAWN** 4004 WATEREDGE DR. AUSTIN, TX 78735 | P: F: | SUITEKEY CUSTOMER | CONTINGENT | | | $312,484.00 |
| 13 | **SCOTT SEESE** 1125 TRINITY RIDGE PARKWAY FORT MILLS, SC 29715 | P: F: SCOTTSEESE@GMAIL.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $309,527.00 |
| 14 | **SIDNEY J. STEIN III** 4 COMPUTER DRIVE W. SUITE 200 ALBANY, NY 12205 | P: F: CHIP1@CHIP-STEIN.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $288,003.00 |
| 15 | **COGNIZANT TECHNOLOGY SOLUTIONS** 1418 LAUREL LANE SOUTHLAKE SOUTHLAKE, TX 76092 | P: F: | SUITEKEY CUSTOMER | CONTINGENT | | | $283,064.00 |

Official Form 204

page 2

Debtor    Superior Air Charter, LLC                       Case number (if known) 20-XXXXX
          Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 16 | **ADVANTAGE CAPITAL**<br>869 LAKESHORE BLVD<br>INCLINE VILLAGE, NV 89451 | P:<br>F:<br>RBRENNAN@ADVANTAGECAP.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $281,743.00 |
| 17 | **TODD GREMILLION**<br>9234 WICKFORD DR.<br>HOUSTON, TX 77024 | P:<br>F:<br>LTODDG@ME.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $280,195.00 |
| 18 | **SARAH K. FLUG**<br>616 E HYMAN AVE STE 200<br>ASPEN, CO 81611 | P:<br>F:<br>CATY@GULFTECH.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $272,228.00 |
| 19 | **TEXTRON AVIATION INC.**<br>1 CESSNA BLVD<br>WICHITA, KS 67215 | P:<br>F: | MAINTENANCE - LEGAL CLAIM | CONTINGENT, UNLIQUIDATED, DISPUTED | | | $259,942.63 |
| 20 | **RIALM, LLC**<br>2920 AMBY PLACE<br>HERMOSA BEACH, CA 92054 | P:<br>F:<br>TERESA.R.COWLES13@GMAIL.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $258,392.00 |
| 21 | **ROBERT HOLLMAN**<br>315 MEIGS RD. SUITE A654<br>SANTA BARBARA, CA 93109 | P:<br>F:<br>RHOLLMAN@SILCOM.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $252,720.00 |
| 22 | **SCOTT BELAIR**<br>224 HIGHLAND AVE<br>RIDGEWOOD, NJ 07450 | P:<br>F:<br>SCOTTBELAIR@ME.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $250,157.00 |
| 23 | **MICHAEL OCHSMAN**<br>660 E 6TH STREET P.O BOX 2948<br>KETCHUM, ID 83346 | P:<br>F:<br>MOCHSMAN@GMAIL.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $249,017.05 |
| 24 | **ANIL SINGH**<br>207 RAMETTO RD<br>SANTA BARBARA, CA 93150 | P:<br>F:<br>SINGH_A@YAHOO.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $243,254.89 |

Debtor: **Superior Air Charter, LLC**
Name

Case number (if known) 20-XXXXX

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | **VICTOR LINCK**<br>3418 ONION CREEK DRIVE<br>SUGARLAND, TX 77478 | P:<br>F: | SUITEKEY CUSTOMER | CONTINGENT | | | $236,005.44 |
| 26 | **SEVERN EAST ROCK, INC**<br>1379 BELLO MAR DR<br>ENCINITAS, CA 92024 | P:<br>F: | SUITEKEY CUSTOMER | CONTINGENT | | | $222,259.34 |
| 27 | **CHARLES E. ERB**<br>14404 PARKS RD<br>HARRISVILLE, NY 13648 | P:<br>F:<br>CERB52@YAHOO.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $222,139.58 |
| 28 | **DAVID VAN DENBURGH**<br>2502 N 27TH AVE<br>PHOENIX, AZ 85009 | P:<br>F:<br>DAVID.VANDENBURGH@AMERICANFENCE.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $221,109.52 |
| 29 | **MARC GOLDBERG**<br>24 FULLER ST.<br>EDGARTOWN, MA 02539 | P:<br>F:<br>MGOLDBERG@MGCAPCO.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $219,304.00 |
| 30 | **GARY LIEBERTHAL**<br>6034 BREITHORN CIRCLE<br>RENO, NV 89511 | P:<br>F:<br>GARYLIE@AOL.COM | SUITEKEY CUSTOMER | CONTINGENT | | | $218,738.77 |

**Fill in this information to identify the case and this filing:**

Debtor Name  Superior Air Charter, LLC

United States Bankruptcy Court for the  District of Delaware

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/28/2020              ✗  /s/ Edward T. Gavin_____
            MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                      Edward T. Gavin, CTP_____
                                      Printed name

                                      Chief Restructuring Officer
                                      Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**